IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEILA CRAWFORD, et al. :

v. : Civil Action No. DKC 26-3479

FORD MOTOR COMPANY :

**MEMORANDUM OPINION AND ORDER**

Defendant Ford Motor Company removed this action to this court from the Circuit Court for Charles County, Maryland on September 2, 2026, asserting diversity jurisdiction. (ECF No. 1). Plaintiffs Sheila M. Crawford and Timothy W. Crawford filed a motion to remand on September 8, 2026, asserting that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. (ECF No. 5). Plaintiffs state that the state court Information Report mistakenly checked two boxes (both $30,000 - $75,000, and over $100,000), that they did not intend to demand damages in excess of $75,000, and that their "actual accrued monetary losses currently total $14,937.77, along with ongoing necessary expenses for rental vehicle transportation." (ECF No. 5 at 2). With Plaintiffs' damages clarified, Defendant consents to remand, but maintains that removal was proper. (ECF No. 6).

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the

defendants." Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

> The United States Supreme Court has held "that a district court may not remand a case to a state court on a ground not specified in the removal statute." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 (1988) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976)). Indeed, "an agreement to remand between the parties constitutes 'a ground not specified in the removal statute.'" *Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-00075-FM, 2014 WL 12874059, at *2 (W.D.Tex. Mar. 25, 2014); *see also Blake v. ACE Am. Ins. Co.*, No. 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W.Va. Mar. 11, 2008) ("I cannot remand a case simply because the parties have come to an understanding after removal.").

*Kentlands Square, LLC v. Not Your Average Joe's Inc.*, No. CV DKC 22-3229, 2023 WL 1828167, at *1 (D. Md. Jan. 10, 2023).

Plaintiffs' motion recites that there is not a sufficient amount in controversy, that this court lacks subject matter jurisdiction, and that remand is mandatory. Defendant consents to remand, but does not concede that there was no basis for removal. The situation is not as simple as either party asserts.

This court must determine whether removal was proper, or not, *i.e.* whether there was sufficient amount in controversy at the

time of removal. Determining the amount in controversy for removal is not always straightforward:

> Section 1332 "does not provide further guidance on how to determine the amount in controversy," but "other statutory provisions do." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022). Most relevant here is § 1446(c)(2), which provides:
>
>> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>
>> (i) nonmonetary relief; or
>>
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> 28 U.S.C. § 1446(c)(2).

> Thus, the "general rule" in cases removed on diversity grounds is that the amount in controversy is the "the sum demanded in good faith in the initial pleading." *Durbois*, 47 F.4th at 1056 (quoting § 1446(c)(2)). However, the amount in controversy claimed in the notice of removal may control in two situations: (i) where "the plaintiff's operative state-court pleading at the time of removal seeks nonmonetary relief," and (ii) where "that pleading seeks a money judgment, and the State 'does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.' " *Id.* (quoting § 1446(c)(2)(A)).

*Small Bus. Fin. Sols., LLC v. JMA Servs., Inc.*, No. CV DKC 21-2283, 2023 WL 1784683, at *1–2 (D. Md. Feb. 6, 2023).

Plaintiffs' state court complaint does not seek a specific amount of damages, but does assert that the amount exceeds $30,000. This may violate Maryland Rule 2-305, which requires that "(a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000." It may, however, suffice to indicate that there is circuit court jurisdiction. As noted above, the Case Information Report has two boxes checked, creating even more uncertainty.

The parties have not addressed the impact on this court's jurisdiction. Either the original state court papers must be read to demand an amount above $75,000 in good faith, making removal proper, or if those papers did not demand an amount over $75,000, and Defendant cannot satisfy any alternative in § 1446, then removal was improper and remand will be required. It cannot be both.

> The court determines diversity jurisdiction as of the date the suit was filed in state court and at the time of removal. *See, e.g., Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir.2002); *Kessler v. Home Life Ins. Co.*, 965 F.Supp. 11, 12 (D.Md.1997). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Gardner v. AMF Bowling Ctr., Inc.*, 271 F.Supp.2d 732, 733 (D.Md.2003) (citing St. Paul ).

*Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 726 (D. Md. 2007). The parties have not properly framed the issue.

Accordingly, it is this 10th day of September, 2026, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to remand filed Plaintiffs Sheila M. Crawford and Timothy W. Crawford, (ECF No. 5), BE, and the same hereby IS, DENIED without prejudice to renewal; and

2. The clerk will transmit copies of this Memorandum Opinion and Order to Plaintiffs and to counsel for Defendant.

/s/
DEBORAH K. CHASANOW
United States District Judge