IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHEILA CRAWFORD, et al. | : | |
| v. | : | Civil Action No. DKC 26-3479 |
| FORD MOTOR COMPANY | : | |

**MEMORANDUM OPINION**

Defendant Ford Motor Company ("Ford") removed this product liability action from the Circuit Court for Charles County, Maryland on September 2, 2026, asserting diversity jurisdiction. (ECF No. 1). A motion to remand filed by Plaintiffs Timothy W. Crawford and Sheila M. Crawford ("Plaintiffs") was denied on September 10, 2026. (ECF No. 7). Plaintiffs filed a renewed motion to remand on September 14, 2026, and Ford filed a response in opposition on September 16, 2026. (ECF Nos. 11, 12). Plaintiffs have not filed a reply and the time to do so is now expired. For the following reasons, the renewed motion to remand will be granted.

"The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal . . . .'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). Where, as here, removal jurisdiction is premised on diversity of citizenship, the sum demanded "in good

faith in the initial pleading" is generally "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the complaint does not demand a specific sum, the defendant may allege the amount in controversy in its notice of removal. *See Francis*, 709 F.3d at 367.

> If the plaintiff challenges removal, however, the defendant "bears the burden of *demonstrating* that removal jurisdiction is proper." [*Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008)]. When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to "show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis omitted). To resolve doubts regarding a defendant's asserted amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." [*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)].

*Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (CAFA removal). Furthermore,

> "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*; *see Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the "duty to construe

> removal jurisdiction strictly and resolve doubts in favor of remand”).

*Common Cause v. Lewis*, 956 F.3d 246, 252 (4th Cir. 2020).

Here, as noted in the court’s earlier denial of the motion to remand, the complaint did not comply with Maryland practice to specify the amount in controversy if under $75,000, and there were somewhat inconsistent statements concerning the damages sought.[1] Inasmuch as the parties had not correctly and thoroughly framed the issue, the motion was denied. Now, the parties take opposing views of the situation and the implication of post-removal events. Plaintiffs contend that they are clarifying the amount in controversy, not amending the complaint, and that the amount in controversy was always below the federal threshold. (*See* ECF Nos. 11, at 2; 11-2, at 2). Ford, on the other hand, claims that the post-removal stipulation is a reduction in the amount sought and does not defeat proper removal jurisdiction. (*See* ECF No. 12, at 3).

---

[1] Maryland Rule 2-305 provides that “a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought” while “a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000.” Plaintiffs’ complaint fails to provide a monetary value for all damages sought. It states that the amount exceeds $30,000 but does not state that the amount sought exceeds $75,000. (ECF No. 1-2, at 8).

The [United States Court of Appeals for the] Fourth Circuit has adopted a general rule regarding the effect of post-removal stipulations on the propriety of removal where the amount in controversy is plainly stated in the complaint. In situations where the amount in controversy is plainly and unambiguously stated in the complaint, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). In other words, under *St. Paul Mercury*, a plaintiff may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount has been stated. *See Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (citation and internal quotations marks omitted)); *Griffin v. Holmes*, 843 F.Supp. 81, 87 (E.D.N.C. 1993) ("[T]he plaintiff . . . may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a).")[.]

However, the Fourth Circuit has not opined on the effect of a post-removal stipulation, as is the case here, where the initial complaint does not specify an amount. There is guidance on this issue from the [United States] Court of Appeals for the Fifth Circuit and other federal district courts within the Fourth, Fifth, and Sixth Circuits. Various jurisdictions have found that "a post-

> removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter v. Bridgestone Americas, Inc.*, 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013); *see also Gebbia v. Wal–Mart Stores*, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (asserting that post-removal affidavits and stipulations may be considered in determining the amount in controversy only if the jurisdictional basis was ambiguous at the time of removal); *see also Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal–Mart Stores, Inc.*, 955 F.Supp. 44, 46 (M.D.N.C. 1996) (when presented with indeterminate claims, "the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount). This use of clarification is permitted, rather than forbidden, under *St. Paul Mercury*. *See Walker v. Poland*, 2009 WL 5195762, at *1–2 (D.S.C. Dec. 22, 2009); *Tommie v. Orkin, Inc.*, 2009 WL 2148101, at *1–2 (D.S.C. July 15, 2009).

*Joyner v. State Farm Mut. Auto. Ins. Co.*, No. 25-cv-3609-RMG, 2025 WL 1617235, at *1–2 (D.S.C. June 5, 2025).

Plaintiffs seek to "clarify" their demand by itemizing the total of their actual damages in Exhibit B to their renewed motion, (ECF No. 11-2, at 2), and stating that even aggregated, their damages remain substantially below $75,000. They reiterate that they inadvertently and erroneously checked two boxes (both $30,000

- $100,000, and over $100,000) on the state court form titled "Information Report." (*See* ECF No. 11, at 2). Also in support of their renewed motion, Plaintiffs submitted Exhibit A, a sworn declaration to affirm that (1) they did not seek damages in excess of $75,000, (2) that at the time of filing, actual damages were approximately $14,000, and (3) that the state form "Information Report" was inadvertently checked. (ECF No. 11-1, at 2).

Ford filed a response opposing the renewed motion to remand on September 16, 2026. (ECF No. 12). Ford argues that the amount in controversy at the time of the filing of the complaint and at removal exceeded $75,000. (*Id.* at 3). Ford justifies this contention by explaining that Plaintiffs' complaint sought unspecified damages for rescission of the purchase contract of the vehicle, replacement value of the vehicle, diminution value of the vehicle, payoff of the remaining vehicle loan balance, loss of use damages, diagnostic expenses, rental vehicle expenses, and consequential damages. (*Id.* at 2–3). If Plaintiffs were seeking both rescission and replacement cost of the vehicle, Ford argues, that combined figure may be $58,000 or more. (*Id.* at 2). Furthermore, Ford contends that with the addition of specified damages in the complaint, namely payoff of their vehicle loan ($6,227.45), Uber reimbursement ($3,803.11), and rental

reimbursement of ($6,940.08), Plaintiffs' demand amounts to approximately $74,970.64 before adding diminution of value, loss of use, diagnostic expenses, and consequential damages. (*Id.* at 2-3). Moreover, Ford asserts that information provided in the "Information Report" indicated that Plaintiffs intended to seek damages over $100,000. (*Id.* at 2). Overall, Ford contends that when claims and possible damages are added together, the aggregate exceeds the $75,000 threshold. (*Id.* at 3).

Ford's position depends on whether the complaint seeks rescission and the other items identified in paragraph 16, in addition to the concrete out-of-pocket expenses specified in paragraphs 10 and 11 (loan payoff, Uber and rental car costs, diagnostic fees). (ECF No. 1-2 ¶¶ 10, 11, 16). Paragraph 16 is a reservation of rights, and not a direct assertion of damages. Whether rescission is a viable claim has not been shown, nor is Ford's speculation on what that remedy would be worth sufficient. *See Senior Ride Connection v. ITNAMerica*, 225 F.Supp.3d 528, 531-34 (D.S.C. 2016) (discussing rescission and remanding case for insufficient amount in controversy). Thus, those asserted damages are speculative. Ford has failed to prove, by a preponderance of the evidence, that the actual amount in controversy at the time of removal was above $75,000.

For the foregoing reasons, Plaintiffs' renewed motion to remand will be granted. A separate Order will follow.

/s/

DEBORAH K. CHASANOW
United States District Judge